**Electronically Filed
Intermediate Court of Appeals
30083
25-OCT-2010
11:36 AM**

NO. 30083

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROBERT LEE WILLIS, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 06-1-512)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Robert Lee Willis (**Willis**) appeals from the Judgment entered on September 9, 2009, by the Circuit Court of the Third Circuit (**Circuit Court**), convicting and sentencing him for three counts of Robbery in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-841 (1993). Willis challenges the Circuit Court's September 3, 2009 Order Denying Defendant's Motion to Withdraw Plea.[1]

On appeal, Willis contends:  (1) the Circuit Court's Findings of Facts (**FOFs**) 8-14, 16, 18-21, 23-30 are clearly erroneous; (2) the Circuit Court erred in concluding that Willis "has not met his burden of showing fair and just reasons for the

---

[1]     The Honorable Glenn S. Hara entered the Judgment of Conviction and Sentence on behalf of the Honorable Greg K. Nakamura, who accepted Willis's guilty plea. Judge Hara also presided over Willis's hearing on his motion to withdraw plea and entered the September 3, 2009 Order Denying Defendant's Motion to Withdraw Plea.

withdrawal of his plea as Defendant entered his GUILTY pleas knowingly, intelligently, and voluntarily;" and (3) the Circuit Court abused its discretion in denying Willis's motion to withdraw his guilty plea.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Willis's point of error as follows:

(1) The challenged FOFs are supported by substantial evidence. Willis's appointed counsel, Stanton Oshiro (**Oshiro**), testified that: (1) Willis entered into a plea agreement which contemplated cooperation with the State in order to increase the likelihood of receiving a probation sentence; (2) Willis was never promised or guaranteed probation, but instead, "cooperation with the [S]tate was designed to maximize his opportunity to get a sentence of probation;" (3) the State, without promising or committing to a particular sentencing recommendation would "listen" to law enforcement's recommendation; (4) Willis's bail was reduced to facilitate his cooperation with the police; and (5) the Circuit Court would commit to the bail reduction and potentially consider any probation recommendation before sentencing. Although Willis presented contrary testimony and stated that Oshiro told him he would get probation, the Circuit Court's decision to reject Willis's testimony in favor of testimony from other witnesses will not be disturbed on appeal. See State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996) ("An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge.") (citations omitted).

Furthermore, the challenged FOFs are also supported by testimony from Officers Shimabukuro and Elarionoff, which provided that: (1) neither officer made any promises to Willis

regarding sentencing; (2) Willis effectuated supervised narcotics transactions for Officer Shimabukuro in Hilo, and later for Officer Elarionoff in Kona; (3) Willis's transfer to Kona was due, at least in part, to the location of his family; (4) Willis was unsuccessful in infiltrating the targeted drug organization in West Hawai'i and none of his supervised transactions resulted in prosecution, which was largely based on Willis's lack of credibility; and (5) Willis was not authorized to possess narcotics or a firearm at Mauna Kea State Park on May 6, 2008. Accordingly, we conclude that the FOFs are supported by substantial evidence and are not clearly erroneous.

(2) & (3)   A defendant does not have an absolute right to withdraw a guilty plea. State v. Jim, 58 Haw. 574, 575, 574 P.2d 521, 522 (1978).  Hawai'i Rules of Penal Procedure (**HRPP**) Rule 32(d) (2006) provides:

> A motion to withdraw a plea of guilty or of nolo contendere may be made before sentence is imposed or imposition of sentence is suspended; provided that, to correct manifest injustice the court, upon a party's motion submitted no later than ten (10) days after imposition of sentence, shall set aside the judgment of conviction and permit the defendant to withdraw his plea.

When a request to withdraw a guilty plea is made before sentence is imposed, the court observes a "liberal approach," and "the court should grant the motion if the defendant has presented a fair and just reason for his request and the State has not relied upon the plea to its substantial prejudice." State v. Gomes, 79 Hawai'i 32, 36 897 P.2d 959, 963 (1995) (citation omitted; bracketed material added).  The second prong of the "liberal approach" is conditioned upon satisfaction of the first because "the absence of substantial prejudice does not support or resurrect a defendant's pre-sentence motion to withdraw a guilty or no contest plea where no fair and just reason for withdrawal has been presented." State v. Merino,  81 Hawai'i 198, 223, 915 P.2d 672, 697 (1996) (citation omitted).

The two fundamental bases for showing a fair and just reason for withdrawing a guilty plea are: (1) the defendant did not knowingly, intelligently, or voluntarily waive his or her rights; or (2) changed circumstances or new information justify withdrawal of plea. Gomes, 79 Hawai'i at 37, 897 P.2d at 964.[2] The defendant has the burden of establishing plausible and legitimate reasons for withdrawal of a guilty plea. State v. Costa, 64 Hawai'i 564, 565, 644 P.2d 1329, 1331 (1982).

At the hearing on the motion to withdraw his plea, Willis asserted that he was guaranteed a probation sentence for his cooperation per a "secret agreement" between the State and Willis. Willis maintained that this secret agreement was known by all parties and the Circuit Court even though it was not referenced at the plea-taking hearing and not included in the plea offer letter, change of plea form, plea agreement attachment, or the bail conditions sealed for Willis's protection. Because the terms of the purported secret agreement were not incorporated into the record, Willis argued that the plea was faulty and he was entitled to withdrawal. The State argued, and the Circuit Court found, that there was no promise or guarantee of a probation sentence in exchange for Willis's cooperation with the police.

On appeal, Willis's theory of the case has somewhat shifted. Willis now asserts that, even if there was no promise for probation from the State, the fact that Willis believed such a promise was part of the plea agreement is the dispositive issue. Willis argues that because he entered his guilty plea based on a misapprehension, the plea was not knowing, intelligent, and voluntary.

---

[2] Although the supreme court in Gomes applied these fundamental bases to a HRPP 32(d) motion to withdraw a nolo contendere plea, this court has applied Gomes to HRPP 32(d) motions to withdraw guilty pleas as well. See, e.g., State v. Topasna, 94 Hawai'i 444, 452, 16 P.3d 849, 857 (App. 2000).

Willis's argument of "misapprehension" is not supported by the evidence in the record. In fact, Willis's claim directly contradicts the representations he made to the Circuit Court during the plea-taking hearing. In response to the Circuit Court's questioning in open court at the February 6, 2008 change of plea hearing, Willis confirmed that: (1) he understood the nature of the charges; (2) he was pleading of his own free will; (3) his plea was not the result of force or threat; (4) he understood that by pleading guilty he would be waiving his right to a public trial; (5) he understood that he could be subject to a 10-year prison term and/or a fine of $25,000 in regard to each count; (6) he believed he was guilty of three counts of Second Degree Robbery; (7) the terms of the plea agreement were that in exchange for his guilty plea, he will pay restitution, the State will not argue for extended terms of imprisonment, the State agrees he can argue for any legal sentence, and his bail will be reduced to $40,000, subject to conditions; (8) he understood the terms of the plea agreement; (9) he had no questions about the terms of the plea agreement; (10) there were no promises made to him other than those in the plea agreement; (11) he signed the plea form; and (12) he reviewed the change of plea form with his lawyer.

Furthermore, Oshiro's testimony was that Willis had actual knowledge, at the time of his guilty plea, that his cooperation with the police, even if successful, did not guarantee him a probation recommendation from the State nor guarantee that the Circuit Court would impose a term of probation at sentencing.

We find no support for Willis's assertion that at the time he entered his guilty plea he believed he would be guaranteed probation for cooperating, in any capacity, with the police. Willis's assertion is inconsistent with the Circuit Court's finding that "[t]there was never an agreement and/or

promise from the State that [Willis] would get probation." Accordingly, we conclude that the Circuit Court did not abuse its discretion in denying Willis's pre-sentence motion to withdraw his guilty plea.

For these reasons, the Circuit Court's September 9, 2009 Judgment is affirmed.

DATED:   Honolulu, Hawaiʻi, October 25, 2010.

On the briefs:

Jeffrey A. Hawk
(Hawk Sink Ignacio & Waters)
for Defendant-Appellant

Darien W.L.C. Nagata
Deputy Prosecuting Attorney
County of Hawaii
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge